## ANGELOVIC v. LEHIGH VALLEY R. CO.
### Civ. No. 3098.

United States District Court
M. D. Pennsylvania.

March 27, 1950.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Joseph P. Brennan, Asst. U. S. Atty., Scranton, Pa., for petitioner.

John C. Phillips, Joseph F. Gallagher, Wilkes Barre, Pa., for respondent.

WATSON, Chief Judge.

This is a petition by Joseph F. Angelovic for enforcement of his rights as a veteran against the Lehigh Valley Railroad Company under the Selective Training and Service Act of 1940, as amended, which provides in part as follows:

"(b). In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

\* \* \* \* \* \*

"(B). if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so".[1]

The case was tried before the Court without a jury.

It appears from the evidence that Joseph F. Angelovic, petitioner here, was a regular employee of the Lehigh Valley Railroad Company, the respondent, working as a la-

---

1. 50 U.S.C.A.Appendix, § 308(b).

borer, up to the time of his induction into the United States Army on March 21, 1941. He was honorably discharged from the United States Army on July 19, 1945.

Petitioner testified that he visited the respondent's office at Lehighton, Pennsylvania three times within the ninety days after his honorable discharge and talked on each occasion to Louis Sparr, assistant foreman in the respondent's Maintenance of Way Department. According to petitioner's own testimony he asked Sparr on these occasions whether he was still on the roster, to which Sparr replied, "Yes," and asked petitioner whether he was ready to go back to work. Petitioner answered, "Not for a while yet" and Sparr told petitioner to come back whenever he was ready to go to work. On two of these occasions, petitioner asked Sparr for a written leave of absence. Sparr said that he could not give petitioner a written leave of absence, but told petitioner to let him know when he was ready to go to work. Sparr testified that he reminded petitioner, "Don't forget your ninety days". Petitioner further testified that, during this ninety day period, he was physically able to return to work but was not ready to go to work for the respondent because his mother was ill and had no one else at home to care for her. Petitioner also testified that, during this ninety day period, he worked for the East Mauch Chunk School District as a substitute physical education teacher, from September 14, 1945 to November 15, 1945, for which services he received a total of $394.

It further appears from the evidence that, after the ninety day period had elapsed, petitioner again visited Sparr on several occasions and, on stating his readiness to work, was employed by respondent as a laborer on March 12, 1946. Petitioner continued in the employ of respondent as laborer for about one week until March 19, 1946, when petitioner bid in and secured a position as slope watchman for respondent. Petitioner continued in the employ of respondent as slope watchman for about two weeks until April 4, 1946, when he was discharged.

Petitioner is not entitled to relief under the Act unless his actions within the ninety day period after his honorable discharge are held to be an application for reemployment within the meaning of the Act.

The United States Court of Appeals for the Third Circuit, in Grasso v. Crowhurst,[2] held, that a request by a discharged veteran for leave of absence was an "application for reemployment" under the Act, notwithstanding that such application did not contemplate work within the period within which the Act required the application to be made. However, in the Grasso Case, the discharged veteran asked for a leave of absence in order that he might be treated for a physical defect and, on examination by the respondent's doctor, was declared physically unfit for the job. It was later discovered that Grasso was physically fit for the job at the time he had requested the leave of absence, and, under these circumstances, the Court held that the action of the respondent and the respondent's doctor, in convincing Grasso that he was all finished in his employment, was in derogation of Grasso's rights and that Grasso should be reinstated, having made timely application. The Grasso case is distinguishable from the present one. In the Grasso case, the veteran was ready and willing to work but felt that he was not able, and was so declared to be by the respondent's doctor. In the instant case, Angelovic was able to work, but he was not ready and willing to return to work for the respondent, and preferred to and did accept other employment. Meanwhile, the respondent here stood by prepared to reinstate the petitioner and, at no time within the ninety day period refused to restore him to a position.

To hold that the actions and conduct, above described, of the petitioner, Joseph F. Angelovic, amounted to an "application for reemployment" within the meaning of the Act would be to hold that a veteran might extend the ninety day period provided in the Act indefinitely by simply calling upon his former employer and requesting a leave of absence when he is physically able to return to work, and when he is engaged

in other employment of his preference. Such a construction of the Act would be unjust, not only to the employer but to others seeking employment in the position being held open for the veteran during the ninety day period and which the veteran is not willing to accept. Such was not the intent of Congress.

The petitioner is not entitled to restoration of his position by the respondent, and is not entitled to any compensation from the respondent for loss of wages, because he failed to make application for reemployment within ninety days after his honorable discharge.

From the evidence, the Court finds the following facts:

1. The petitioner, Joseph F. Angelovic, was a regular employee of the Lehigh Valley Railroad Company from October 1936 to March 21, 1941, working as a laborer in the Maintenance of Way Department during the summers up to October, 1939, and being on furlough from October, 1939 to March 21, 1941.

2. Petitioner was inducted into the United States Army on March 21, 1941, and was honorably discharged from the United States Army on July 19, 1945.

3. Within ninety days from the date of petitioner's honorable discharge from the United States Army, on approximately July 24, 1945, petitioner visited Louis Sparr, assistant foreman in the respondent's Maintenance of Way Department, Lehighton, Pennsylvania. At that time, petitioner told Sparr that he had been discharged from the Army, and asked whether he was still on the roster. Sparr answered, "Yes," and asked petitioner whether he was ready to go back to work. Petitioner answered, "Not for a while yet", to which Sparr replied that petitioner was to come back whenever he was ready to go to work.

4. Within ninety days from the date of petitioner's honorable discharge from the United States Army, on approximately August 24, 1945, petitioner returned to Sparr, said he was still not ready to go to work, and asked for a written leave of absence. Sparr said he could not give petitioner a written leave of absence, but told petitioner to come back and let him know when he was ready to go to work.

5. Within ninety days from the date of petitioner's honorable discharge from the United States Army, on approximately October 10, 1945, when petitioner was employed by the East Mauch Chunk School District, petitioner returned again to Sparr, at which time a conversation similar to that of August 24, 1945 occurred.

6. When petitioner visited Sparr within the ninety day period, Sparr said to petitioner "Don't forget your ninety days."

7. At no time within the ninety day period did the respondent refuse to restore petitioner to a position.

8. At all times within the ninety days after petitioner's honorable discharge from the United States Army, petitioner was physically able to return to work for the respondent.

9. Petitioner did not make application to the respondent for reemployment within ninety days after he was honorably discharged from the United States Army.

10. After more than ninety days had elapsed from the date of petitioner's honorable discharge from the United States Army, petitioner again returned to Sparr in December, 1945, January, 1946, and March, 1946, and, on stating he was ready to work, was reemployed by the respondent as a laborer on March 12, 1946. Petitioner continued in the employ of the respondent as laborer until March 19, 1946, at which time petitioner bid in and secured a position as slope watchman for the respondent. Petitioner continued in the employ of the respondent as slope watchman until April 4, 1946, at which time he was discharged by the respondent.

11. Petitioner has not been reemployed by respondent up to the present time. Petitioner is at present ready, willing and able to return to work for respondent.

12. From September 14, 1945 to November 15, 1945, petitioner was employed by the East Mauch Chunk School District as a substitute teacher of physical education, for which services he received a total of $394.

The Court makes the following conclusions of law:

452

1. Petitioner, Joseph F. Angelovic, did not make application to the respondent, the Lehigh Valley Railroad Company, for re-employment within ninety days after he was honorably discharged from the United States Army within the meaning of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A., Appendix, § 308 (b).

2. Petitioner, Joseph F. Angelovic, is entitled neither to reinstatement to his former position with the respondent, nor to compensation from the respondent for loss of wages.

3. The prayer of the petition of Joseph F. Angelovic should be denied, and the said petition should be dismissed.

Now, March 27, 1950, it is ordered that the prayer of the petition of Joseph F. Angelovic be, and it hereby is, denied, and that said Petition be, and it hereby is, dismissed. It is further ordered that the Clerk of this Court enter judgment in favor of the respondent, the Lehigh Valley Railroad Company.